IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

MAR 13 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

| | | |
|---|---|---|
| CHICKASAW NATION and<br>CHOCTAW NATION OF OKLAHOMA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | No. CIV-11-927-W |
| MARY FALLIN, in her official capacity<br>as Governor of the State of Oklahoma,<br>et al., | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

On March 12, 2012, the United States of America, the United States Department of the Interior, the United States Bureau of Reclamation, the United States Army Corps of Engineers and the United States of America on behalf of the Choctaw Nation of Oklahoma and its individual members and the Chickasaw Nation and its individual members filed a Notice of Removal and removed to the United States District Court for the Western District of Oklahoma a civil action pending in the Oklahoma Supreme Court, Oklahoma Water Resources Board v. United States of America, Case No. 110375. See No. CIV-12-275-W. The United States alleged in its Notice of Removal, as corrected, that the state court petitioner, Oklahoma Water Resources Board ("OWRB"), had filed its petition in the state court proceeding "in response to the claimed right of the Chickasaw Nation and Choctaw Nation of Oklahoma to regulate the water within their Treaty Territory, and specifically in response to the action the Nations [had] filed in this [judicial district] . . . against the Governor of Oklahoma, [OWRB's] Members and Executive Director, the City of Oklahoma and the Oklahoma City Water Utility Trust." Id. Doc. 4 at 8 (citing Chickasaw Nation v.

Fallin, No. CIV-11-927-W).

Because the United States further asserted in its Notice of Removal that "[r]emoval [of OWRB's state court proceeding] will facilitate resolution of the common federal questions underlying both actions, thereby conserving judicial resources," id. at 9, the removed matter was transferred to the undersigned.

Pursuant to Rule 42, F.R.Civ.P., "[i]f actions before the [C]ourt involve a common question of law or fact, the [C]ourt may . . . consolidate the actions[ ] or . . . issue any other orders to avoid unnecessary cost or delay." Because the two cases are related and involve common factual and legal questions, the Court finds that the parties should be given the opportunity to address the issue of consolidation and whether the instant lawsuit, for any or all purposes, should be consolidated with Oklahoma Water Resources Board v. United States of America, No. CIV-12-275-W.

In addressing the issue, the parties should be mindful that consolidation alone "'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" United States v. Tippett, 975 F.2d 713, 716 (10th Cir. 1992)(quoting Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97 (1933))(emphasis added); e.g., Blagg v. Line, 2010 WL 3893981 (N. D. Okla. 2010) (consolidation under Rule 42 does not strip either case of its independent character; each case retains separate identity); 9A C. Wright & A. Miller, Federal Practice and Procedure § 2382 at 9 (3d ed. 2008)(when several actions are ordered to be tried together, each retains separate character and requires entry of separate judgment; consolidation does not merge suits into single action or cause parties to one action to be parties to another). The parties should further consider whether consolidation will promote convenience and

economy or result in confusion and prejudice.

To this end, the parties are DIRECTED to file within fourteen (14) days a memorandum regarding the following:

(1) whether consolidation of these two matters is warranted;

(2) if so, the purposes for which, and the extent of which, consolidation should be ordered; and

(3) the impact, if any, that consolidation would have on the motions now pending in the instant lawsuit.

ENTERED this 13th day of March, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE