IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHICKASAW NATION and<br>CHOCTAW NATION OF OKLAHOMA,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARY FALLIN, in her official capacity<br>as Governor of the State of Oklahoma;<br>STEPHEN ALLEN, TOM BUCHANAN,<br>LINDA LAMBERT, FORD DRUMMOND,<br>ED FITE, MARILYN FEAVER, JASON<br>HITCH, RICHARD SEVENOAKS<br>and BOB DRAKE, each in her or his<br>official capacity as a member of the<br>OKLAHOMA WATER RESOURCES<br>BOARD; J.D. STRONG, Executive<br>Director of the OKLAHOMA WATER<br>RESOURCES BOARD in his official<br>capacity; CITY OF OKLAHOMA CITY;<br>and OKLAHOMA CITY WATER<br>UTILITY TRUST, a public trust for the<br>benefit of the City of Oklahoma City,<br><br>    Defendants. | No. CIV-11-927-W |

## AGREED CONFIDENTIALITY ORDER

On August 18, 2011, Choctaw Nation of Oklahoma and Chickasaw Nation ("Nations") brought this action against certain elected and appointed officials of the State of Oklahoma ("State Defendants") and the City of Oklahoma City and certain elected and appointed City officials ("Municipal Defendants")(collectively the Nations, the State Defendants and the Municipal Defendants shall be referred to as the "Parties"). On March 12, 2012, the United States of America removed an action to this Court from the Oklahoma Supreme Court brought by the Oklahoma Water Resources Board against among others

the United States and certain of its agencies. See Oklahoma Water Resources Board v. United States, No. CIV-12-275-W (W.D. Okla.)(hereafter "Case No. CIV-12-275-W").

The Parties together with the United States (collectively "Movants") have sought an order by the Court that would, among other things, bring the United States under the auspices of the confidentiality framework that is applicable to the Parties pursuant to the Agreed Mediation Order [Doc. 58] filed in this matter on January 5, 2012. The Movants have contended that such order, which would replace the Agreed Mediation Order, would allow the United States to participate in the ongoing settlement negotiations in this matter, permit the Parties and the United States to share settlement communications without jeopardizing the confidentiality of those communications and effectively aid and encourage settlement of this case as well as Case No. CIV-12-275-W.

Upon review of the record, the COURT FINDS

(1) that the Parties have committed this matter to good faith negotiations and have made significant progress toward a negotiated resolution;

(2) that the United States, in its capacity as trustee for the Nations and their members, and in its role as a defendant in Case No. CIV-12-275-W, has an interest in the settlement negotiations in this case and that its participation in the settlement negotiations is essential to the resolution of the issues in the instant case and in Case No. CIV-12-275-W;

(3) that the public interest is served by fostering the ongoing settlement efforts of the Parties to resolve the instant case and to resolve the issues pending before this Court in Case No. CIV-12-275-W;

(4) that the public interest is further served by allowing the Parties and the United States to share their respective settlement communications without jeopardizing the confidentiality of those communications;

(5) that the inherent authority of federal courts to issue confidentiality and related orders to foster and support settlement efforts is well-recognized; and

(6) that the United States has voluntarily consented to be subject to, and bound by, the terms of a confidentiality order so that it may participate in the ongoing settlement negotiations.

Based on these findings, the Court

(1) GRANTS the Joint Motion to Revise and Replace the Agreed Mediation Order with an Agreed Confidentiality Order [Doc. 139] filed by the Movants on December 22, 2015;

(2) ENTERS the instant Agreed Confidentiality Order and ORDERS that it shall supersede and replace the Agreed Mediation Order [Doc. 58] filed in this matter on January 5, 2012;

(3) except as modified by this Agreed Confidentiality Order, ORDERS that the Movants' settlement negotiations shall be conducted pursuant to Rule 408, F.R.E., and that any and all communications, both written and oral, between or among the Movants that are made in the course of the settlement negotiations shall be deemed confidential and inadmissible in any judicial or administrative proceeding for any purpose;

(4) PROHIBITS the Movants, without prior leave of the Court, from disclosing any and all negotiation communications, including, but not limited to, any characterization of the negotiations themselves or the negotiations process or of any Movant's position, settlement

offer or proposal, to any person who is not a Movant, or an agent of a Movant, who has been retained for purposes of the negotiations; provided, notwithstanding any other provision herein, that the Movants are reserved their respective rights (i) to fully inform and make recommendations to, and within, their respective governments concerning this matter, inclusive of the negotiations, and (ii) to consult with state and federal officials for purposes of the successful completion of the negotiations;

(5) further PROHIBITS the United States from releasing or disclosing any oral or written communications and related materials prepared by, or exchanged among or between, the Parties and the United States in the course of these settlement negotiations, including in response to a request made pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq.;

(6) in addition to any and all other prohibitions against disclosure, ORDERS that no Movant may make any public statement, media release or other comment for public broadcast regarding the status or conduct of the settlement negotiations or the characterization of any Movant's position therein, without prior leave of the Court, but ADVISES that this provision shall apply only to the settlement negotiations and does not prohibit any Movant or its counsel from making any public statement, media release or other comment for public broadcast relating to that Movant's factual or legal position or another Movant's public statement;

(7) ORDERS, notwithstanding any other provision herein, that the Movants' legal representatives have reserved the right to discuss any and all matters with their respective clients as necessary for the conduct of the settlement negotiations; and

(8) finally, ORDERS that the Movants shall be and are hereby bound by this Agreed Confidentiality Order and any amendments thereto approved by the Court.

ENTERED this 23rd day of December, 2015.

_____
LEE R. WEST
UNITED STATES DISTRICT JUDGE